# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1036**

STATE OF WISCONSIN

Cir. Ct. No. 2024SC8027

IN COURT OF APPEALS
DISTRICT I

GEORGE IVEKICH,

    PLAINTIFF-RESPONDENT,

  V.

PARTY SEALED BY JUDGE MORALES-42 AND PARTY SEALED BY JUDGE MORALES-42,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Reversed and cause remanded.*

¶1 GEENEN, J.[1] The Appellants (hereinafter, "Tenants"), a married couple who resided at a rental property owned by landlord George Ivekich, appeal

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

the circuit court's judgment for eviction entered against them and in Ivekich's favor. The rental agreement entered into by Tenants included a provision requiring the landlord to give a 15-day notice of default with a right to cure ("notice-and-cure provision") before terminating tenancy, which the circuit court found to be contrary to the notice requirements at WIS. STAT. § 704.17(1p), and therefore invalid. Tenants, who have since vacated the property, allege on appeal that the circuit court erred[2] when it concluded that the notice-and-cure provision was invalid, and that they should have been afforded a 15-day notice per the notice-and-cure provision. Tenants further contend that the 14-day notice they did receive was therefore invalid, and the eviction judgment should be void. We agree with Tenants. As discussed below, a notice provision that is more generous than the minimum notice requirements specified in a statute is not "contrary to" the statutory provision, and we therefore reverse.

## BACKGROUND

¶2    In 2019, Tenants entered into a written rental agreement prepared by Ivekich. That agreement required, in the event of default and prior to eviction, Ivekich to give Tenants a notice of default that affords them 15 days to cure the default.

---

[2] Both parties address whether this case is moot given that Tenants have vacated the property. When a decision on appeal will have no practical effect on the underlying controversy, it is considered moot and courts may decline to reach the issue on the merits. *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559. Where there are consequences collateral to the judgment that is otherwise moot, but for a possible adjustment to those consequences—such as a debt or restriction—the matter is not moot. *Marathon Cnty. v. D.K.*, 2020 WI 8, ¶¶19-25, 390 Wis. 2d 50, 937 N.W.2d 901. Because the outcome of this appeal may affect the amount of the judgment against Tenants, the appeal is not moot and we do not address mootness further.

¶3 Tenants failed to timely pay rent and, on March 2, 2024, Ivekich sent them a notice terminating their tenancy, informing Tenants that they had 14 days to vacate the property. The notice specifically stated that Tenants did not have the right to cure the default, and stated that Ivekich, as the landlord, could initiate an eviction action under WIS. STAT. ch. 799 if Tenants failed to vacate at the end of the 14-day period. The notice also indicated that Ivekich could be entitled to double rent as damages for any period of time Tenants remained in possession of the premises after the expiration of the notice. Ivekich filed an eviction action against Tenants on March 27, 2024.

¶4 The parties appeared before a court commissioner in April 2024. The eviction case was then set for contested proceedings in May 2024, before the circuit court. On the day of the hearing, Tenants filed a motion to dismiss arguing that the termination of their tenancy was improper.

¶5 At the hearing, the following material facts were undisputed. After the initial rental agreement term expired, Tenants continued to rent the property on a month-to-month basis. Tenants were in default on their obligation to pay rent as of March 2, 2024. The rental agreement included a 15-day notice-and-cure provision. Tenants received a 14-day notice from Ivekich with no right to cure. Tenants failed to pay rent as due and defaulted. Tenants did not cure the default after receiving the notice.

¶6 Tenants argued that tenancy was improperly terminated—and the eviction improperly initiated—pursuant to the 15-day notice-and-cure provision, because Ivekich only gave them a 14-day notice to vacate with no ability to cure default. Ivekich argued that the 15-day notice-and-cure provision was unenforceable because, under WIS. STAT. § 704.17(1p)(a), "a month-to-month

3

tenancy is terminated if the landlord, while the tenant is in default in payment of rent, gives the tenant notice requiring the tenant to vacate on or before a date at least 14 days after the giving of the notice." Ivekich contended that the 15-day notice-and-cure provision was unenforceable under § 704.17(5)(a), because it was "contrary to" the statutory notice provisions at § 704.17(1p)(a).

¶7 The circuit court agreed with Ivekich, denied Tenants' motion to dismiss, and entered judgment against Tenants.

¶8 Tenants appeal.

## DISCUSSION

¶9 The issue on appeal is limited to whether the circuit court correctly concluded that a rental agreement provision requiring the landlord to give a 15-day notice of default, with a right to cure, before terminating the tenancy was contrary to the statutory tenancy termination notice requirements at WIS. STAT. § 704.17(1p).

¶10 The parties agree that after the initial one-year term of the rental agreement expired Tenants continued their occupancy on a month-to-month basis, and that, pursuant to WIS. STAT. § 704.25(3), the lawful terms of the rental agreement continued to apply on that basis.[3] The parties do not dispute that the rental agreement contains the 15-day notice-and-cure provision. What they do dispute, however, is whether the 15-day notice-and-cure provision applies to this

---

[3] Ivekich also appears to assert that a clause in the rental agreement regarding attorneys fees affects the legal analysis relating to notice, but the assertion is unsupported by law and, to the extent it is an argument, it is unclear. We therefore consider it undeveloped and need not address it. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

landlord-tenant relationship in light of WIS. STAT. § 704.17(1p). The question is therefore one of statutory interpretation. Statutory interpretation presents a question of a law, which we review *de novo*. ***Healthcare Servs. Grp., Inc. v. DOR***, 2018 WI App 48, ¶10, 383 Wis. 2d 699, 916 N.W.2d 635.

¶11 Wisconsin's landlord-tenant law permits a landlord to terminate the tenancy of a month-to-month tenant in default for failure to pay rent in two ways. The relevant two sentences of WIS. STAT. § 704.17(1p)(a) specify the notice that must be provided if the landlord gives the tenant the right to cure the default, and if there is no right to cure. Where there is the right to cure, the tenancy may be terminated "if the landlord gives the tenant notice requiring the tenant to pay rent or vacate on or before a date at least 5 days after the giving of the notice and if the tenant fails to pay accordingly." ***Id.*** When the tenant has no right to cure, "[a] month-to-month tenancy is terminated if the landlord, while the tenant is in default in payment of rent, gives the tenant notice requiring the tenant to vacate on or before a date at least 14 days after the giving of the notice." ***Id***.

¶12 Ivekich argues that the right to cure language in the rental agreement is invalid because it is contrary to the language of WIS. STAT. § 704.17(1p)(a), and therefore, under § 704.17(5)(a), which states that "provisions in the lease or rental agreement for termination contrary to this section are invalid except in leases for more than one year,"[4] the notice-and-cure provision in the rental agreement is invalid. Essentially, Ivekich contends that "at least" must mean "exactly" under the facts of this case, so a lease that requires a landlord to give a tenant 15 days

---

[4] WISCONSIN STAT. § 704.17(5)(a) contains an exception for certain circumstances specified at § 704.17(5)(b), which relate to the termination of a tenancy due to criminal activity, which is not applicable in this case.

notice to pay rent or vacate is "contrary to" the statute that requires the landlord give notice of "at least 5 days." We disagree.

¶13 "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is read where possible to give reasonable effect to every word in order to avoid surplusage, and if the meaning of a statute is plain, we ordinarily stop our inquiry and apply the words chosen by the legislature. *Id.*, ¶¶45-46. The court is not at liberty to disregard the plain, clear words of the statute. *Id.* ¶46.

¶14 The statute is clear on its face. We note, critically, that the statute frames the amount of notice that must be given, with or without a right to cure, by providing that a tenancy is terminated upon providing *at least* a specific number of days of notice. An interpretation that ignores the phrase "at least" is inconsistent with basic principles of statutory interpretation that require giving meaning to all of the words the legislature chose to use. The statute's use of the phrase "at least" is a clear indication that, in drafting the statute, the legislature intended to expressly allow a landlord to give tenants a more generous notice to terminate a tenancy than specified in the statute. Therefore, a contractual provision that permits the termination of a tenancy only where the landlord gives the tenant a 15-day notice-and-cure provision is plainly consistent with the "at least 5 days" language in the first sentences of § 704.17(1p)(a). The 15-day notice-and-cure

provision therefore is not contrary to the statute, which requires "at least 5 days" notice when a right to cure is provided.[5]

¶15    The 15-day notice-and-cure provision in Tenants' rental agreement is lawful.  As a general matter, Wisconsin courts seek to enforce contracts deliberately made by the parties rather than set them aside, except where they violate a statute, rule of law, or public policy.  *Baierl v. McTaggart*, 2001 WI 107, ¶12, 245 Wis. 2d 632, 629 N.W.2d 277.  Additionally, because the provision is contained in the parties' rental agreement, which sets the parties' expectations as to the relationship, enforcement protects those justifiable expectations.  *See Merten v. Nathan*, 108 Wis. 2d 205, 211, 321 N.W.2d 173 (1982).  The statute expressly permits a more generous notice-and-cure provision than the statutory minimum, which is indicated by the statute's use of the phrase "at least."  Thus, the provision in Tenants' rental agreement is enforceable.

¶16    The 14-day notice Ivekich provided Tenants was deficient pursuant to the lawful notice-and-cure provision in the lease agreement.  A proper notice of termination of tenancy is required to terminate a tenancy, and a properly terminated tenancy is required for an eviction judgment and writ of restitution.

---

[5] While we think the plain language of "at least" renders the need to consider the definition of "contrary to" unnecessary, for the sake of completeness, we know that "contrary to" means "in conflict with."  https://www.merriam-webster.com/dictionary/contrary%20to (last accessed 3/21/2025).  As previously noted, notice that is in excess of the minimum number of days is "at least" that number of days, and is therefore *not* in conflict with the statutory provision.

Therefore, based on the record before this court,[6] the circuit court erred when it entered an order granting Ivekich a writ of restitution based on the 14-day notice contrary to the parties' agreement.

¶17    We therefore reverse the circuit court's judgment of eviction and remand the cause for proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Ivekich asserts that he also served Tenants with a 15-day notice with the right to cure and a 28-day notice, and that the 15-day notice period expired before the eviction hearing. There is nothing in the record that indicates that the eviction pleadings were amended to include information about any subsequent notices, no other notices are present in the record before us, there is no testimony from either party about such notices, and the two limited references to such a notice in the record contain material inconsistencies. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993) ("We are bound by the record as it comes to us.") Additionally, Ivekich does not develop an argument regarding the additional notices—aside from his claim that the issue on appeal is entirely moot, which we discussed above. We will not address the alleged additional notices further. *See Pettit*, 171 Wis. 2d at 647.